IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNON GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  06-647 |
| | ) |
| MPW INDUSTRIAL SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

### SYNOPSIS

Plaintiff contends that his employer discharged him because of his race and retaliated against him because he complained about a racially hostile work environment. He asserts claims under 42 U.S.C. § 1981.  The Employer seeks the dismissal of both claims.  The Motion is granted in part and denied in part. The discrimination claim is dismissed without prejudice and the retaliation claim survives the 12(b)(6) challenge.

### OPINION

Plaintiff, Shannon Greene ("Greene"), an African American, worked for Defendant MPW Industrial Services ("the Employer") for a period of seven months

1

during 2005. He was fired on October 17, 2005. He contends that he was fired both because of his race and in retaliation for having complained of race discrimination. Accordingly, he asserts two claims under 42 U.S.C. § 1981 - one for discharge based on race and one for retaliation. The Employer seeks the dismissal of both claims. See Docket No. 22. For the reasons set forth below, the Motion is granted in part and denied in part.

### FACTUAL BACKGROUND[1]

The Employer hired Greene in May of 2005. On or about October 4, 2005, a co-worker informed Greene that another employee had made a joke approximately one month earlier about "nigger rigging" equipment.[2] On that same day, Greene and others confronted a supervisor about the comment and about the Employer's inaction with respect to the same. Greene contends that, despite this confrontation, the co-worker who made the offensive remark was not punished. Greene was then fired on October 17, 2005.

### STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most

---

[1] The facts are taken from the Amended Complaint as well as from the Complaint and Answer filed in Pegeron and Langa v. MPW Industrial Services, Civ. No. 5-1565 (W.D. Pa.), as directed by Greene, and of which this Court may take judicial notice. See City of Pgh v. West Penn Power Corp., 147 F.3d 256, 259 (3d Cir 1998).

[2] In the Amended Complaint, Greene states that the comment was either about "hanging niggers" or "nigger rigging equipment." See Amended Complaint, para. 5. Greene was not present when the comment was made. The employee who was present, whose Complaint Greene asks this Court to take judicial notice of, states that the comment was that the co-worker intended to "nigger rig" a rope. See Langa Complaint, para. 7.

favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

I. Race Discrimination[3]

---

[3] Plaintiff mistakenly believes that the Employer seeks only the dismissal of the retaliation portion of the section 1981 claim. See Docket No. 25, p. 4, stating "Defendant's motion to dismiss challenges only the retaliation portion of the Amended Complaint." Yet the Motion itself seeks the entry of an Order dismissing the Amended Complaint in its entirety with prejudice. See Docket No.

Greene alleges that he was fired "because of his race" in violation of 42 U.S.C. § 1981. See Amended Complaint, ¶ 11.  Section 1981 states in relevant part:

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

42 U.S.C. § 1981.  To succeed on his claim under § 1981 that he was discharged on the basis of his race, Greene must allege that:

(1) he belongs to a racial minority;

(2) he was qualified for the position which he held;

(3) he was discharged from that position;

(4) his co-workers, who were white, were not discharged.

See Jackson v. University of Pittsburgh, 826 F.2d 230, 233 (3d Cir. 1987) (citations omitted).  The Employer urges that the Amended Complaint fails to allege any "differential treatment." See Docket No. 28, p. 3.  I agree.  Greene makes no comparisons as to any of his co-workers.

In a footnote in his Brief in Opposition, Greene clarifies that his claim that he was fired because of his race:

> essentially alleges that, in reaching its decision to retaliate against him for reporting the "nigger-rig" comment,

---

22. Additionally, the Employer's Brief in Support clearly discusses the requisites to pleading a section 1981 claim for race discrimination. See Docket No. 23, p. 5.

4

> Defendant concluded that, although a similarly situated white employee might be allowed to remain on staff, it could not tolerate a rabble-rousing African-American who might engage in a "race riot."

See Docket No. 25, p. 4 n. 4. Yet this allegation is not set forth in the Amended Complaint. Nothing in the Amended Complaint alleges differential treatment. Because the Amended Complaint fails to plead a viable claim of discharge based upon race in violation of 42 U.S.C. § 1981, the Motion to Dismiss is granted. The dismissal is, however, without prejudice, to amend the Complaint within 10 days of the date of this Order and cure the deficiencies noted therein.[4]

## II. RETALIATION

Greene also alleges that the Employer fired him in retaliation for having complained about a racially hostile work environment in violation of 42 U.S.C. § 1981. "Where an employee makes a complaint against an employer in good faith, the employer may not retaliate." Fogleman v. Greater Hazelton Health Alliance, 122 Fed. Appx. 581, * 1 (3d Cir. 2004), citing, Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085 (3d Cir. 1996). To establish a claim of retaliation under § 1981, Greene must allege that he: (1) engaged in a protected activity; (2) the Employer took an adverse action after or contemporaneous with the protected activity; (3) the action would have been materially adverse to a reasonable employee in the plaintiff's position; and (4) there was a causal connection between the protected activity and the

---

[4] I note that the Employer is charged with having fired a white employee for trying to "incite a race riot" in connection with the same event. See Langa Complaint, paras. 28-33. Thus it would seem that it may be difficult for Greene to succeed on a claim that the Employer treated Greene differently because of his race.

5

adverse action. See Morrison v. Carpenter Technology Corp., Civ. No. 5-1922, 2006 WL 2413657 at * 5 (3d Cir. Aug. 22, 2006), citing, Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2409 (2006) and Weston v. Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001).[5]

The Employer challenges Greene's allegations regarding the first element - that of having engaged in a protected activity.  Greene contends that he engaged in a protected activity when he complained to his supervisors not only about the co-worker's racist comment but also about the Employer's failure to take any action in response to the comment.  Citing to the Fourth Circuit Court's recent decision in Jordan v. Alternative Resources Corp., 458 F.3d 332 (4th Cir. 2006), the Employer argues that Greene could not have been making a "good faith" complaint of a violation of the law.

"Good faith" consists of two components - subjective good faith and objective good faith. Fogleman v. Greater Hazelton Health Alliance, 122 Fed. Appx. 581, * 1 (3d Cir. 2004), citing, Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1312 (11th Cir. 2002).  That is:

> [a] plaintiff must not only show that he subjectively (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was objectively reasonable in light of the facts and record presented. It thus is not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.

---

[5] A section 1981 claim is analyzed under the same framework as a claim under Title VII of the Civil Rights Act of 1964. See Schurr v. Resorts Int'l. Hotel Inc., 196 F.3d 486, 499 (3d Cir. 1999).

6

Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1312 (11th Cir. 2002).

In Jordan, the Fourth Circuit court concluded, at the motion to dismiss stage, that an employee's belief that he was complaining of race discrimination when he informed his supervisors of a co-worker's unquestionably racist statement[6] was not objectively reasonable in light of the facts and record presented. The court explained that no objectively reasonable person could have believed that the employer's office was in the grips of a hostile work environment or that one was taking shape. Jordan, 458 F.3d at 341. The Fourth Circuit concluded that the co-worker's comment was simply an isolated racial slur.

I reject the majority's analysis in Jordan and find myself more closely aligned with that offered by the dissent. I believe that the majority's analysis unfairly requires an employee to sit back and wait until harassment has become severe and pervasive before bringing it to the employer's attention. Under the majority's reasoning, only then would the employee be protected from retaliation. Certainly this is at odds with the Supreme Court's recent pronouncement that "Title VII depends for its enforcement upon the cooperation of employees," and that "effective enforcement could thus only be expected if employees felt free to approach officials with their grievances." Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2414 (2006). As the Court explained, "[i]nterpreting the anti-retaliation provision to provide broad protection from retaliation helps assure the cooperation

---

[6] The co-worker, who was watching a news report of the apprehension of the two individuals responsible for the 2002 sniper attacks in Washington D.C. exclaimed, "[t]hey should put those two black monkeys in a cage with a bunch of black apes and let the apes f*** them."

upon which accomplishment of [Title VII's] primary objective" - preventing harm - "depends." Id., see Jordan, 458 F.3d at 352.  I do not mean to suggest that any complaint to an employer about any behavior would merit protection from retaliation.  Yet here, as in Jordan, the behavior complained of, was unquestionably of the type of which racially hostile work environments are made. See Jordan, 458 F.3d at 355, citing, White v. BFI Waste Servs. LLC, 375 F.3d 288, 297-98 (4th Cir. 2004) (recognizing pervasive use of terms including "boy," "jigaboo," "nigger," "porch monkey," "Mighty Joe Young," and "Zulu warrior" created triable issue of fact on hostile work environment claim) and Spriggs v. Diamond Auto Glass, 242 F.3d 179, 182, 185-86 (4th Cir. 2001) (same for repeated use of racial slurs including "niggers," "monkeys," and "black bitch").  I find that based upon the use of the word "nigger," it was reasonably objective for Greene to believe that in reporting to the Employer he was opposing a racially hostile work environment.

In the alternative, even if the Jordan decision were of precedential value here, I would find it to be distinguishable on the facts.  In Jordan, the employee complained only of a co-worker's racist comments.  There was no allegation that the company had failed to take appropriate action - no suggestion that the employer tacitly encouraged the behavior.  Here, in contrast, Greene complained not only of the co-worker's use of a racial epithet, but of the supervisor's failure to take any action when confronted with the same.  Knowing that a supervisor heard the comment and failed to take any corrective action, one could reasonably conclude that the supervisor condoned the use of racially offensive remarks and would

permit them to reoccur. Thus, it would have been objectively reasonable for Greene to believe, in light of these facts and circumstances, that he was complaining of a racially hostile work environment.

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNON GREENE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  06-647 |
| | ) |
| MPW INDUSTRIAL SERVICES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **4th**  day of October, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Motion to Dismiss (Docket No. 22) is Granted in part and Denied in part.  It is Granted with respect to the claim for discharge based upon race in violation of 42 U.S.C. § 1981. That claim is dismissed without prejudice to reassert it within  ten (10) days of the date of this Order curing the deficiencies noted in the Opinion.  The Motion is Denied with respect to the claim for retaliation in violation of 42 U.S.C. § 1981.

In the even that an Amended Complaint is not filed within ten (10 ) days of the date of this Order, a Status Conference is scheduled for October 26, 2006 at 11:00 A.M. before the undersigned on the Third Floor, Suite 3280 of the U.S. Post Office &

Courthouse. Counsel shall have settlement authority and parties should be available by telephone. Position letters are due three (3) days prior to the conference as stated in the Initial Scheduling Conference Order.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge